*W. Gaston & C. A. Taber*, for Mrs. Cummings.

*A. Hemenway & E. B. Powers*, for Hodgdon.

---

HATTIE A. BURR *vs.* ALBION K. P. JOY.

Suffolk.    January 7, 1890. — March 1, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Pleading — Evidence — Exceptions.*

A declaration upon a memorandum in writing given for money lent by the plaintiff to the defendant did not set forth a receipt of certain collateral security for the loan, written upon the back of the same paper. At the trial, the memorandum was produced by the plaintiff, and admitted in evidence. *Held,* that the declaration was sufficient without setting forth the receipt, and that the memorandum was rightly admitted in evidence.

CONTRACT on the following memorandum in writing, signed by the defendant: " I agree to pay $1,000 and interest as stated within on ten days' notice." On the back of the paper bearing the above memorandum was the following, signed by the plaintiff: " Boston, March 12, 1881. Rec'd of A. K. P. Joy, one one thousand dollar bond Massachusetts Central Railroad Company, which is to be returned on the payment of one thousand dollars and interest, upon notice or demand, coupons on bond to be accounted for if paid, interest to be paid from March 1, 1881, on $1,000." At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*T. E. Grover & F. Joy*, for the defendant.

*E. B. Hale*, for the plaintiff.

DEVENS, J. The plaintiff set forth, in the second count of her declaration, a written promise by the defendant to pay her the sum of one thousand dollars with interest on ten days' notice, and produced at the trial a memorandum to that effect. To the admission of this in evidence the defendant excepted, because the plaintiff had not also set forth a receipt written on the other side of the same paper, by which the plaintiff promised to return to the defendant a one thousand dollar bond of the Massachusetts Central Railroad, which she had received from him on payment to her of one thousand dollars, the coupons on the bond to be accounted for if paid.

It was the contention of the plaintiff that she lent to the defendant one thousand dollars, and that he delivered to her the bond as collateral security therefor. If this was the fact, it was not necessary for her to set forth, in her declaration upon the memorandum given for the money lent by her, the collateral security received by her, or her receipt therefor. Although no consideration was stated in the memorandum declared on for the promise made therein, that was sufficiently proved by her evidence, if believed, that she lent and delivered to the plaintiff the one thousand dollars. The loan of the money was denied by the defendant, who alleged that he had sold the bond to the plaintiff, and that the sale was completed and ended; that afterwards, before they separated, the plaintiff wished to know how soon the money could be had, if the defendant desired to repurchase the bond; and that the defendant replied, "In a short time," and then wrote and signed the memorandum in question. The credit to be given to these two directly conflicting statements does not appear to have been submitted to the jury.

Upon examining the bill of exceptions, we find no other exception than that above recited to the admission of the memorandum in evidence. The defendant requested several rulings, which were not given by the presiding judge; but to the failure to give these rulings he took no exception, nor did he take any exception to those given. The only question upon which he desired to go to the jury was whether more than ten days prior to the date of the writ the plaintiff had made a demand upon

and had given notice to the defendant, as required by the memorandum. By the verdict this has been settled in favor of the plaintiff, and no question arises as to the amount of the verdict, as this was agreed upon by the parties in case the finding should be for the plaintiff. It may be that, considering the refusal of the court to give the rulings requested by him, and the ruling actually made as to the construction of the contract, the defendant did not desire to go to the jury upon the other questions in the case, intending to bring before this court for discussion these requests and rulings; but as he did not take exception, it is impossible, in justice to the other party, to examine them.                     *Exceptions overruled.*